UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JUAN A. PEREZ RODRIGUEZ,

                Plaintiff,

      -against-                              COMPLAINT

WESTERN EXPRESS, INC.               Case No.: 5:22-CV-0598 (BKS/TWD)

                Defendant.
-------------------------------------------------------------------X

Juan A. Perez Rodriguez ("Plaintiff"), by his counsel, Angel A. Castro, III, Esq., as and for his complaint against Western Express, Inc. ("Defendant"):

## PARTIES

1. Plaintiff is a resident of Onondaga County, New York.

2. Upon information and belief, based on representations made to Plaintiff by Defendant, Defendant is a private corporation with locations and providing services across the United States, including New York State, with at least one location at 2925 Shoenersville Road, Bethlehem, PA 18017 and another at 7135 Centennial Pl., Nashville, TN 37209.

## JURISDICTION AND VENUE

3. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

4. This Court has subject matter jurisdiction of the federal law claims under 28 U.S.C. §§ 1331, in that claims are asserted under the laws of the United States; under 28 U.S.C. § 1343(a), in that claims are asserted under laws providing for the protection of civil rights

and under 20 U.S. C.§ 1415(i)(2) & (3) and 29 U.S.C. § 794(a). Further, this Court has jurisdiction under 28 U.S.C. § 1332 as the Plaintiff resides in New York and the Defendant has its main offices in Pennsylvania and/or other states and the matter in controversy exceeds the sum or value of $75,000.00.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides within this judicial district.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein

7. Plaintiff is a "Hispanic" individual, born in Cuba. English is not the Plaintiff's first language, however, he speaks and understands English.

8. Upon information and belief, based on Defendant's representations to Plaintiff, Defendant is a trucking company that hires truckers to drive routes throughout the United States and that could hire Plaintiff to drive routes in and around New York State.

9. Plaintiff responded to Defendant's advertisements that he saw while in New York State.

10. In or around February 2021, Plaintiff applied to Defendant for a position of Driver of Tractor Trailers.

11. Plaintiff had proper licensing, education and prior experience driving tractor trailers.

12. In response to Plaintiff's application for employment, Defendant promised Plaintiff work upon completion of Defendant's on-boarding process.

13. Plaintiff completed all of Defendant's on-boarding, including but not limited to licensing verification, drug screening, online courses, and in-person trainings, all of which was completed in English.

14. After meeting Defendant's on-boarding requirements, Plaintiff's recruiter at Defendant, Candy Hadley, instructed Plaintiff to see "Scott" (an employee of Defendant) to get assigned a truck and assigned route.

15. When Plaintiff approached "Scott" for Plaintiff's assignment, Plaintiff was told by Defendant (through "Scott") that his accent was a problem and Plaintiff could not proceed without passing an "English test" that "Scott" administered in that same encounter.

16. "Scott" specifically told Plaintiff that "[Plaintiff's] people had the worst accents."

17. Defendant (through "Scott") then fired Plaintiff by refusing to give Plaintiff an assignment and telling him to leave the premises on or about March 25, 2021.

18. Upon information and belief, based on Representations by Defendant to Plaintiff and Plaintiff's discussions with other similarly situated applicants, no other applicants were required to complete an English exam to get their assignments.

19. Defendant (through "Scott") instructed Plaintiff to contact his recruiter, Candy Hadley.

20. Plaintiff contacted Candy Hadley to convey what had happened and Plaintiff expressed that he had been discriminated against and Plaintiff indicated he wanted to file a complaint.

21. Plaintiff also complained about never receiving promised compensation for time spent completing Defendant's on-boarding process.

22. Defendant failed to follow up with Plaintiff regarding his complaint that "Scott" discriminated against him when firing him. Instead, Defendant put Plaintiff into collections, where Defendant claimed Plaintiff owed Defendant about $2,500 for, upon

information and belief, based on Plaintiff's discussions with the collection company hired by Defendant, based on alleged violation of contractual obligations with Defendant.

23. Plaintiff did not breach any contractual obligations with Defendant and Plaintiff was never notified of any breaches prior to responding to the Defendant's collection company.

24. On or about October 15, 2021, Plaintiff filed a charge of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC"), under Charge No. 530-2021-02907.

25. On or about January 14, 2022, Defendant filed a unsworn position statement in response to Plaintiff's charge of discrimination and retaliation.

26. On or about March 8, 2022, the EEOC issued a Notice of Right to Sue and mailed same to Plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION: VIOLATION OF SECTION TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27. Plaintiffs incorporates by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

28. Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

29. Plaintiff is a member of a protected class and suffered an adverse employment action solely based on his being a member of said protected class.

30. Defendant thereafter retaliated against Plaintiff for reporting discrimination suffered by hiring a collection agency to collect a debt based on frivolous claims that Plaintiff breached contractual obligations.

31. As a direct result of Defendant's act and/or failure to act, Plaintiff is entitled to the maximum monetary damages and penalties available by law, equitable remedies, plus costs and reasonable attorney fees.

## AS AND FOR A SECOND CAUSE OF ACTION: BREACH OF CONTRACT

32. Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs as if specifically alleged herein.

33. Defendant promised Plaintiff employment upon completion of Defendant's on-boarding process and Plaintiff completed same, but Defendant instead fired Plaintiff.

34. As the direct and proximate result of the foregoing, Defendant caused Plaintiff to suffer loss of earnings, monetary costs and emotional distress.

35. As a direct result of Defendant's act and and/or failure to act, Plaintiff is entitled to the maximum monetary damages and penalties available by law, equitable remedies, plus costs and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a) Declare that Defendant has violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000d).

b) Declare that Defendant breached its contract with Plaintiff.

c) Order Defendant to cease all collections efforts against Plaintiff and remove any indication of any alleged debts from any credit reporting or collections agency.

d) Grant Plaintiff an award of compensatory damages against Defendant in a sum sufficient to compensate him for his injuries and losses, plus prejudgment and post-judgment interest on such award.

e) Grant Plaintiff an award of punitive damages against Defendant plus pre-judgment and post-judgment interest on such award.

f) Grant Plaintiff an award of attorneys' fees against Defendant.

g) Grant Plaintiff such other and further relief as the Court may deem just and proper.

PLAINTIFFS RESPECTFULLY DEMAND TRIAL BY JURY.

Dated: June 6, 2022
New York, New York

Respectfully submitted,

_____
ANGEL A. CASTRO, III, ESQ.
(Bar # 5435482)
Attorney for the Plaintiff
8170 Trolleys End
Cicero, New York 13039
T: (347) 762-6334
F: (315) 293-2069
E: ACastro@VirtuAttorney.com